**UNITED STATES of America, Appellee,**

v.

**John Jay NORTH, Defendant–Appellant.**

**No. 00–1616.**

United States Court of Appeals, Second Circuit.

March 23, 2001.

* The Honorable Robert P. Patterson of the United States District Court for the Southern District of New York, sitting by designation.

mont and the Northern District of New York; Alexander Bunin, Federal Public Defender, on the brief, for appellant.

William B. Darrow, Assistant United States Attorney for the District of Vermont; Charles R. Tetzlaff, United States Attorney, and Gregory L. Waples, Acting Chief, Criminal Division, on the brief, for appellee.

Present SOTOMAYOR, and KATZMANN, Circuit Judges, and BERTELSMAN, District Judge.[*]

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for District of Vermont (William K. Sessions III, *Judge* ), it is hereby

ORDERED, ADJUDGED AND DE-CREED that this appeal is DISMISSED.

Defendant-appellant John Jay North ("North") appeals his sentence entered in the United States District Court for the District of Vermont (Sessions, *J.*).  North pleaded guilty to possessing a firearm after having been convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9), and the district court sentenced him to 30 months imprisonment, to be followed by two years of supervised release.  North moved for a downward departure under § 5K2.13 of the United States Sentencing Guidelines ("U.S.S.G."), alleging that he had a diminished capacity because of his low IQ[1] and attention deficit disorder.[2]

In denying North's downward departure motion, the district court stated:  It does

Barbara E. O'Connor, Assistant Federal Public Defender for the District of Ver-

---

[*] The Honorable William O. Bertelsman, of the United States District Court for the Eastern District of Kentucky, sitting by designation.

1.  North's IQ is alleged to be 70.

2.  North also moved for a downward departure on three other grounds:  (1) post-arrest rehabilitation under § 3E1.1;  (2) extraordinary family circumstances under § 5H1.6;  and (3) a combination of mitigating circumstances under § 5K2.0. North, however, does not appeal the district court's denial of his downward departure motion on these grounds.

seem to me that in this case there has been no showing, and indeed ... there cannot be any showing ... that the diminished capacity would have contributed to the commission of the offense. And that is required by 5K2.13. I also think that in light of the overall circumstances, even if that sentence of 5K2.13 was not in the guideline, that the diminished capacity with this particular offense is not ... justified.... The court would have discretion if that language didn't exist to depart, and I just don't think a departure in this case is warranted by the facts.

 On appeal, North argues that the district court failed to recognize its authority to depart on the basis of diminished capacity absent a causal nexus between the diminished capacity and the crime committed.[3] A district court's refusal to grant a downward departure is not appealable unless the court committed an error of law or misapprehended its power to depart. *See United States v. Napoli*, 179 F.3d 1, 18 (2d Cir.1999); *United States v. Fernandez*, 127 F.3d 277, 282 (2d Cir.1997). However, we have repeatedly held that a district court's misunderstanding of its authority to depart is moot if the court determines that even if it did have authority to depart, such a departure would be unwarranted on the facts of the case. *See United States v. Acevedo*, 229 F.3d 350, 356 (2d Cir.2000) (holding that this Court need not review the decision of district court that defendant's charitable conduct was not a basis for a downward departure in light of the court's "alternative holding" that, in any

event, the act was not so exceptional as to warrant a departure on the facts); *Napoli*, 179 F.3d at 18 (holding that this Court "need not review the district court's conclusion that it lacked authority to depart ... because here the district court expressly stated that even if it had authority, it would not exercise it as a matter of discretion").

We, therefore, DISMISS this appeal.

---

**3.** North claims that the 1998 amendments to U.S.S.G. § 5K2.13 eliminated the requirement that there be a causal connection between the diminished capacity and the crime committed. *See United States v. Piervinanzi*, 23 F.3d 670, 684–85 (2d Cir.1994) (interpreting § 5K2.13 prior to the 1998 amendments as requiring "reduced mental capacity and a causal link between that reduced capacity and the commission of the charged offense") (internal citations omitted). North maintains that, since 1998, the causal connection requirement applies only to the *extent* of the departure, not to whether any departure at all is possible. Because we dismiss the appeal on other grounds, we need not reach this issue.